# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION
### CIVIL ACTION NO. 1:18-CV-00025-LLK

**MARCUS A. THOMPSON**                                                        **PLAINTIFF**

**v.**

**NANY A. BERRYHILL, Acting Commissioner of Social Security**          **DEFENDANT**

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff's Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff's fact and law summary is at Docket # 14, and Defendant's fact and law summary is at Docket # 19. The parties have consented to the jurisdiction of the undersigned magistrate judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 12). The matter is ripe for determination.

Because Plaintiff's three arguments are unpersuasive, the Court will AFFIRM the Commissioner's final decision and DISMISS Plaintiff's Complaint.

### The ALJ's decision

The administrative law judge (ALJ) found that Plaintiff is not disabled pursuant to the well-established 5-step sequential evaluation process. (Administrative Record (AR), pp. 12-24). First, the ALJ found that, except for an unsuccessful work attempt, Plaintiff has not engaged in substantial gainful activity for 12 continuous months since September 2009, when he alleges he became disabled. (AR, pp. 14-15). Second, the ALJ found that Plaintiff has severe, or vocationally significant, impairments: the residuals from an open reduction and internal fixation of a right acetabular[1] fracture, degenerative

---

[1] The acetabulum is "the hemispheric or cup-shaped hollow in the side of the hip bone which receives the rounded upper end (the head) of the femur or thigh bone and with it forms the ball-and-socket joint of the hip." *Reese v. Comm'r of Soc. Sec.*, No. 1:07-cv-1663, 2009 WL 499601 n.1 (S.D. Ind. Feb. 27, 2009).

cervical and lumbar disc disease, right shoulder osteoarthritis, obesity, diminished vision acuity, and anxiety with a posttraumatic stress disorder. (AR, p. 15). Third, the ALJ found that Plaintiff has no impairment satisfying the clinical criteria of any impairment listed in Appendix 1 of the regulations. (AR, p. 17). As required in any case that advances beyond step 3, the ALJ determined Plaintiff's residual functional capacity (RFC) (based on the medical and non-medical evidence as a whole). The ALJ found that Plaintiff has an RFC for a limited range of sedentary work, which, by definition, requires 6 hours of sitting per 8-hour workday,[2] "with an option to sit and stand at 30-minute intervals taking a minute or two to change positions throughout the workday." (AR, p. 19).[3] Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work. (AR, p. 23). Fifth, the ALJ found that Plaintiff is not disabled through the February 14, 2017 decision date because a significant number of sedentary jobs exist in the national economy that he can perform. (AR, pp. 23-24).

**Discussion**

Following remand from the Appeals Council for further administrative proceedings (AR, pp. 268-70), Plaintiff was examined in June 2016, at the request of the ALJ by Edgar A. Lopez-Suescum, M.D. Dr. Lopez-Suescum completed the standard physical assessment form finding, among other things, that Plaintiff can sit for a total of 2 hours per 8-hour workday and 10 minutes at a time without interruption. (AR, p. 907). This finding is more restrictive than the ALJ's finding that Plaintiff can sit for a total of 6 hours per 8-hour workday and 30 minutes at a time without interruption.

First, Plaintiff argues that the ALJ erred in declining to defer to Dr. Lopez-Suescum's opinion regarding his ability to sit. The ALJ was not required to defer to Dr. Lopez-Suescum's opinion because: 1)

---

[2] *See* Soc. Sec. Rul. 83-10, 1983 WL 31251, at *5 (The full range of sedentary work contemplates that "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday and sitting should generally total approximately 6 hours of an 8-hour workday").

[3] Regarding Plaintiff's ability to sit, the controlling vocational hypothetical contemplated the following limitations: "Assume this hypothetical individual [has] the capacity for standing and walking no more than two hours total in a work day, capacity for sitting six hours in a work day with an option to sit and stand at 30-minute intervals throughout the work day, taking a minute or two to change position." (AR, p. 134).

At the administrative hearing, Plaintiff testified that he can sit (drive) for 30 minutes at a time before requiring a position change (AR, p. 115); 2) Dr. Lopez-Suescum's opinion that Plaintiff can sit for only 10 minutes at a time is inconsistent with his finding (in his narrative report) that Plaintiff "says that he is able to sit for 45 minutes at a time" (AR, p. 901); and 3) In October 2013 (pre-remand) the Commissioner's non-examining consultant, Jack Reed, M.D., opined that Plaintiff can sit (with normal breaks) for a total of about 6 hours in an 8-hour workday (with no need for a sit/stand option specified) (AR, p. 222). The ALJ found Dr. Reed's assessment (AR, pp. 221-225) to be "generally persuasive as it is consistent with the longitudinal treatment history and the conservative course of treatment that both the primary care provider and the specialists have followed for the claimant's musculoskeletal complaints." (AR, p. 22).

Second, Plaintiff argues that the ALJ erred in accepting Dr. Reed's October 2013 assessment because it was stale, or old, at the time of the ALJ's February 2017 decision. While Plaintiff is correct that Dr. Reed's opinion was a bit stale, the staleness was not reversible error in this case for three reasons. First, there is no contrary treating physician opinion (supporting Plaintiff's disability claim). *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 409 (6th Cir. 2009) (Where the ALJ preferred the non-examining source opinion over the subsequent opinion of the treating source, "we require some indication that the ALJ at least considered these facts [i.e., the subsequent medical evidence considered by the treating source] before giving greater weight to an opinion that is not based on a review of a complete case record"). Second, there is no evidence that Dr. Lopez-Suescum's opinion was based on a review of the complete case record. His opinion appears to have been based primarily on a one-time gross physical examination occurring on June 25, 2016, plus what Plaintiff told him about his pain and other subjective symptoms. (AR, pp. 900-03). Third, the ALJ considered the subsequent medical evidence. (*See*, e.g., ALJ's decision at AR, pp. 15 and 20 discussing MRI evidence of herniated nucleus pulposus at C3-C4 and C6-C7 at AR, p. 874 and desiccation at L5-S1 at AR, p. 982). There will always be a gap between the time the agency experts review the record and give their opinions and the time the hearing decision is issued. *Kelly v. Comm'r*,

314 F. App'x 827, 831 (6th Cir. 2009). "Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand." *Id.*

Plaintiff's third and final argument is that the ALJ erred in finding that he must "avoid overhead work using the right upper extremity" (AR, p. 19) in light of Dr. Reed's finding that his "bilateral overhead lifting [is] limited to occasional" (AR, p. 223). The argument is unpersuasive for two reasons. First, the ALJ was entitled to rely on Dr. Lopez-Suescum's finding that Plaintiff can never overhead reach with the right hand but can frequently overhead reach with the left hand. (AR, p. 908). Second, Plaintiff has failed to show any harm, i.e., that the sedentary jobs the ALJ found he can perform, although they can be performed with no overhead reaching with the right arm, require more than occasional overhead reaching with the left arm.

**Order**

The final decision of the Commissioner is AFFIRMED, and Plaintiff's complaint is DISMISSED.

November 16, 2018

**Lanny King, Magistrate Judge**
**United States District Court**